```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Howard R. Fogle, Jr.
and Sharon Fogle

    v.                                  Civil No. 08-cv-388-JD

Wilmington Finance,
a division of AIG Federal
Savings Bank,
CountryWide Home Loans, and
Saratoga First Guarantee Funding

O R D E R

On September 19, 2008, Howard R. Fogle, Jr. and Sharon Fogle sued Wilmington Finance, a division of AIG Federal Savings Bank, CountryWide Home Loans, and Saratoga First Guarantee Funding, alleging, inter alia, violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq.; breach of contract; violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act, N.H. Rev. Stat. § 358-C; breach of fiduciary duty, unjust enrichment, wrongful foreclosure, and fraud.  In the complaint, the plaintiffs also requested an injunction or stay against any attempt to foreclose on the property at issue, which is the Fogle's residence.

On February 22, 2010, more than a year after the plaintiffs filed their complaint, they filed an emergency motion to extend the time for effectuating service of the complaint on the defendants for thirty days.  The motion was granted.  To date, the plaintiffs have not filed any proof of service with the court.

On March 12, 2010, the plaintiffs filed a "Motion for Temporary Emergency Relief to Enjoin Pending Foreclosure."  They state that CountryWide Home Loans intends to sell their residence at public auction on March 19, 2010, at 9:00 a.m., and they ask that the sale be temporarily enjoined.  They also request a hearing to determine whether the temporary injunction should remain in place throughout the pendency of this case.

Although the plaintiffs' motion contains a certification that copies of the motion were sent by overnight mail to the defendants, the defendants have not yet appeared in this case. The plaintiffs state that, as of March 11, 2010, their counsel was waiting to receive the defendants' waivers of service of process.  Because it appears that the defendants may not have notice of the pendency of this suit, let alone notice of the pending motion, and will not have an opportunity to be heard on

the motion, it is construed only as a motion for a temporary restraining order.[1]

"[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974); see also PC Connection, Inc. v. Bartrug, No. 07-cv-306-SM, 2007 WL 2902990, at *1 (D.N.H. Oct. 3, 2007).  For this reason, Rule 65 imposes "stringent restrictions . . . on the availability of ex parte temporary restraining orders."  Granny Goose Foods, 415 U.S. at 438-39.

Under Federal Rule of Civil Procedure 65(b),

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, the plaintiffs' counsel has certified that copies of the instant motion were sent to the defendants, but it appears that his efforts to contact the defendants have not succeeded, given

---

[1] Although it is not fatal, the plaintiffs failed to attach to their motion a proposed temporary restraining order, as required by Local Rule 65.1.

that there is no proof that they have been served with the complaint and summons in this case, which was initiated in September of 2008.  Plaintiffs' counsel has also not complied with the second portion of Rule 65(b)(B), because he has not explained why notice should not be required in this case.

An ex parte temporary restraining order is appropriate in only a few circumstances: "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing," or, "where notice could have been given to the adverse party, . . . ex parte orders are proper [if] notice to the defendant would render fruitless the further prosecution of the action."  PC Connection, 2007 WL 2902990, at *1 (quotation marks omitted).  "There is a place . . . for ex parte issuance, without notice, of temporary restraining orders of short duration; but there is no place . . . for such orders where no showing is made that it is impossible to serve or to notify the opposing parties and to give them an opportunity to participate."  Carroll v. President & Comm'rs of Princess Anne, 393 U.S. 175, 180 (1968).  Because the plaintiffs have failed to show why notice should not be required, the court will not issue a temporary restraining order.

Conclusion

For the foregoing reasons, the plaintiffs' emergency motion for injunctive relief (doc. no. 5) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 16, 2010

cc:   Thomas P. Hand, Jr., Esquire