UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Howard R. Fogle, Jr. and
Sharon Fogle

    v.                                Civil No. 08-cv-388-JD
                                      Opinion No. 2011 DNH 006

Wilmington Finance, et al.

O R D E R

     Howard and Sharon Fogle brought suit against several banks and financial institutions, alleging violations of federal and state law in the course of providing, collecting, and foreclosing on a home mortgage. The Fogles assert that Countrywide Home Loans, Inc. violated the Fair Debt Collection Practices Act ("FDCPA") and the New Hampshire Unfair, Deceptive, or Unreasonable Collection Practices Act by the manner in which it attempted to collect payment on the Fogles' mortgage. Countrywide moves to dismiss the Fogles' claims against it. The Fogles object.

Standard of Review

     To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege "a plausible entitlement to relief" meaning "a claim to relief that is plausible on its

face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility does not mean probability but is more than a mere possibility.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Id. (internal quotation marks and citations omitted).

Background

In their complaint, the Fogles alleged that they were the victims of illegal lending practices and seek rescission of the mortgage loan on their home.  They further alleged that they obtained a variable rate mortgage through Wilmington Finance and Saratoga First Guarantee Funding in late November of 2005.  They contended that Countrywide, as the "servicer" for Wilmington, began the foreclosure process by sending the Fogles an acceleration letter.  Since they filed their complaint, foreclosure has been completed.

Discussion

The Fogles bring claims against Countrywide under the FDCPA and the Consumer Protection Act. Countrywide moves to dismiss on the grounds that it was not acting as a debt collector for purposes of the FDCPA, that the Fogles fail to state a claim against Countrywide under the FDCPA, and that the Fogles fail to state a claim under the New Hampshire Unfair, Deceptive, or Unreasonable Collection Practices Act. The Fogles object, asserting that other evidence, outside of the complaint, raises a question as to whether Countrywide was a loan servicer, that Countrywide should be considered a debt collector under the FDCPA, and that allegations in other parts of the complaint support its Consumer Protection Act claim against Countrywide. The Fogles also assert that they have alleged claims against Countrywide that were not addressed in the motion.

A.  FDCPA Claim

In Count V of their complaint, the Fogles allege that Countrywide violated FDCPA. FDCPA provides a private cause of action to persons harmed by prohibited actions which were performed by debt collectors. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1608-09 (2010). The term "debt collector" is defined in FDCPA as "any person who

'regularly collects . . . debts owed or due or asserted to be owed or due to another.'"  Id. at 1608 (quoting 15 U.S.C. § 1692a(5),(6)).  The definition of "debt collector" is subject to certain restrictions, including that FDCPA "treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not."  Schlosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003).

    Countrywide contends that the Fogles did not state a claim against them under FDCPA because they did not allege facts that would show that Countrywide is a debt collector under FDCPA.  In particular, Countrywide points out that the Fogles allege that it was the loan servicer on the Fogles' mortgage loan and make no allegation that the loan was in default when Countrywide began servicing the loan.  The Fogles respond by arguing that based on statements made in another defendant's motion for summary judgment, it is unclear whether Countrywide was a servicer of the loan or whether the loan was sold outright to Countrywide.

    For purposes of a motion to dismiss under Rule 12(b)(6), the court considers the allegations in the plaintiffs' complaint.  Countrywide is correct that in their complaint the Fogles allege that Countrywide was servicing the loan, not that Countrywide acquired the loan outright, and do not allege that the loan was

4

in default when Countrywide began its service.  Therefore, under the plain terms of FDCPA, the Fogles have not stated a claim against Countrywide.

B.  <u>Unfair, Deceptive, or Unreasonable Collection Practices Act Claim</u>

The Fogles allege in Count VI of their complaint that Countrywide violated the New Hampshire Unfair, Deceptive, or Unreasonable Collection Practices Act, New Hampshire Revised Statutes Annotated ("RSA") § 358-C, by "threaten[ing] to take an action prohibited by law, in sending Plaintiffs an acceleration letter."  Complaint, ¶ 72.  The Fogles also alleged that the defendants, as a group, violated RSA 358-C by "misrepresenting the quality, characteristics, benefits and rights of the services involved in the transaction known as the Fogle Loan," and that "[t]he violations of FDCPA are incorporated here and realleged, as several violations of RSA 358 C [sic]."  Complaint, ¶¶ 71 & 73.  Countrywide moves to dismiss the claim on the ground that the Fogles failed to allege any actions by Countrywide that violated RSA 358-C.

Under New Hampshire law, "[n]o debt collector shall collect or attempt to collect a debt in an unfair, deceptive or unreasonable manner as defined in [RSA 358-C]."  RSA 358-C:2.

Certain acts are prohibited, which are listed in RSA 358-C:3.  In general terms, RSA 358-C prohibits certain oral or written communications with a debtor, threats to use force or violence, threats to take unlawful actions, communications and threats to communicate to others that the debt exists, direct communications with a represented debtor, communications through simulated forms, material false representations about the debt or its status in a legal proceeding, representations that the debt may be or will be increased, collection or attempts to collect certain charges, threats of arrest, and threats to assign or sell an account with certain repercussions.

   The Fogles do not allege in their complaint which prohibited acts under RSA 358-C:3 are the basis for their claim.  In the motion to dismiss, Countrywide interprets the claim to be based on RSA 358-C:3, VII.  The Fogles state in their objection to the motion that the allegations in other parts of their complaint support a claim under RSA 358-C:3, VII.  Therefore, their complaint is construed to allege a claim under RSA 358-C:3, VII.  RSA 358-C:3, VII provides that an effort to collect a debt "shall be deemed unfair, deceptive or unreasonable if the debt collector:   . . .  [m]akes any material false representation or implication of the character, extent or amount of the debt, or of its status in any legal proceeding."

The Fogles argue in their objection that their allegations in other parts of the complaint, incorporated by reference, "have painted a picture of fraud" against the defendants generally. They point to Count III in which they alleged that Wilmington Finance and Saratoga First Guarantee Funding violated regulations under the Truth in Lending Act; to Count IX in which they alleged that all of the defendants had wrongfully begun foreclosure proceedings against the Fogles; and to Count X in which they alleged fraud against the defendants generally based on allegations that the defendants misrepresented the annual percentage rate for interest that would be applied to the Fogles mortgage loan.

Count III pertains only to Wilmington Finance and Saratoga and includes no allegations against Countrywide.  Count X alleges fraud when the mortgage transaction was initiated, before Countrywide became the servicer of the loan, and therefore includes no allegations against Countrywide.  In Count IX, the Fogles allege that "the Defendants' proceeding to begin the foreclosure process against Plaintiffs' property is wrongful, and the same should be enjoined, and if permitted to be conducted, thereafter set aside."  Complaint, ¶ 87.  The Fogles do not allege that Countrywide made any false representations or implied false representations about the character, the extent, or amount

7

of the debt, or of its status.  As such, a general allegation that the foreclosure process was wrongful does not support the Fogles' claim in Count VI that Countrywide violated RSA 358-C.

Count VI is dismissed.

C.  Other Claims Against Countrywide

In their objection, the Fogles argue that Countrywide's motion to dismiss failed to address its claims in Counts III, IX, and X.  Countrywide responds that the Fogles have not stated claims against it in those counts.  As is addressed above in Part B, neither Count III nor Count X pertains to actions by Countrywide.  Therefore, to the extent the Fogles intended to state claims against Countrywide in those counts, the claims are dismissed.

Count IX is titled "Wrongful Foreclosure."  The first paragraph states that the Fogles "repeat, reallege, and incorporate by reference the foregoing paragraphs."  Complaint, ¶ 86.  The other paragraph in Count IX states:  "For all the foregoing reasons, the Defendants' proceeding to begin the foreclosure process against Plaintiffs' property is wrongful, and the same should be enjoined, and, if permitted to be conducted, thereafter set aside."  Id., ¶ 87.

The Fogles' motion to enjoin the foreclosure was denied. Therefore, to the extent the Fogles were seeking an injunction to bar foreclosure, that claim appears to be moot.

As to the claim of a wrongful foreclosure, as Countrywide points out, the complaint includes no allegations as to what Countrywide did that was wrongful.  The only allegation pertaining to the foreclosure is a statement at paragraph 20, in the background section of the complaint, that Countrywide had started the foreclosure process by sending the Fogles' an acceleration letter.  There are no allegations as to why that action was wrongful.

To state a claim, a plaintiff must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Sepulveda-Villarini v. Dept. of Educ., P.R., --- F.3d ---. 2010 WL 509322), at *3 (1st Cir. Dec. 10, 2010) (quoting Twombly, 550 U.S. at 555).  In Count IX, the Fogles failed to allege sufficient facts to put Countrywide on notice of the basis for the Fogles' claim.  Therefore, to the extent Count IX was intended to be brought against Countrywide, it is dismissed.

Conclusion

For the foregoing reasons, Countrywide's motion to dismiss (document no. 16) is granted. All claims against Countrywide are dismissed.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

January 11, 2011

cc: Chad W. Higgins, Esquire
John A. Mangones, Esquire
Joy Harmon Sperling, Esquire
Todd W. Stevens, Esquire
Mark E. Swirbalus, Esquire
Michael a. Weiss, Esquire